FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 2 7 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

FNU LNU,
    also known as "Sandra Calzada"

           Defendant.

---

09-CR-415

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007))

1

(internal quotations and alterations omitted). Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guideline sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On September 16, 2009, the defendant, also known as Sandra Calzada, was found guilty by jury verdict to all counts of a three-count superseding indictment.

Count One charged that on December 29, 2008, the defendant used and attempted to use a passport, which was secured by the use of false name and false social security number, in violation of 18 U.S.C. § 1542.

Count Two charged that on December 29, 2008, the defendant used and attempted to use a passport issued and designed for the use of another, in violation of 18 U.S.C. § 1544.

Count Three charged that on December 29, 2008, the defendant possessed and used, without lawful authority, means of identification of another person, to wit: Jane Doe, an individual whose identity is known to the Grand Jury, knowing that the means of identification belonged to another person, in violation of 18 U.S.C. §§ 1028A(a)(1), 1028A(b) and 1028A(c)(7).

Calzada was sentenced on January 19, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be eight and defendant's criminal history category to be one, yielding a guideline range of zero to six months of imprisonment. The offenses charged in Counts One and Two each carried a maximum term of ten year's

imprisonment. 18 U.S.C. §§ 1542 and 1544. The offense charged in Count Three carried a mandatory minimum term of two years' imprisonment. *See* 18 U.S.C. § 1028A. The guidelines range of fine was from $1,000 to $10,000. The underlying charges in the superseding indictment were dismissed upon motion by the government.

Calzada was sentenced to a term of two years and one day in prison, and three years' supervised release. A $300 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. See 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The offense is serious. The defendant has a general law abiding background and is a hard worker. Her illegal entry into this country was to be with friends and family, with whom she has close ties. A sentence on the low end of the guidelines range reflects the seriousness of the offense and will promote respect for the law and provide just punishment. The court takes no position on whether time served in immigration detention should count towards fulfillment of the sentence imposed.

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that involvement in identity theft and fraudulent use of a passport to gain entry into the United States will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and likely deportation following incarceration. It is unlikely that she will

3

engage in further criminal activity in light of her family circumstances, age, and likely deportation.

							_____
							Jack B. Weinstein
							Senior United States District Judge

Dated: January 22, 2010
		Brooklyn, New York